## CLERIHEW v. STANDARD RAILROAD–SIGNAL CO.

(Supreme Court, Appellate Term. May 17, 1900.)

EVIDENCE—EXECUTION OF CONTRACT—COLLATERAL CIRCUMSTANCES.

In an action on an oral contract, the terms whereof, as alleged by plaintiff, are denied by defendant, it is error to exclude evidence of a statement, made by defendant's vice president at the time the alleged contract was entered into, to the effect that he refused to sign a written contract prepared by plaintiff for the reason that it would bind defendant to a contract similar in terms to the one alleged, and stating the terms of a contract which would be satisfactory, and which was different from the contract alleged; since such evidence bears on the probability of the truth of plaintiff's version.

Appeal from city court of New York, general term.

Action by Alexander C. Clerihew against the Standard Railroad Signal Company. From a judgment in favor of plaintiff (62 N. Y. Supp. 1133), defendant appeals. Reversed.

This action was brought by the plaintiff to recover from defendant a balance due him on account of commissions earned in procuring a leasehold and

option of purchase of certain property for defendant, and in the securing of certain loans and advances of capital for the defendant. Defendant admitted the performance of the services alleged, but disputed the terms of the contract under which it is alleged the services were performed. Defendant called the president, and Mr. Cade, the vice president, of the defendant corporation, to prove the terms of the contract which existed between the parties. He submitted an offer of proof to the effect that at the interview where the contract was made between the defendant and plaintiff, plaintiff presented a paper to defendant's vice president, and tried to induce him to sign it; that the vice president thereupon refused to sign the same on the ground that it would bind the defendant to a contract similar to the one alleged in the complaint, the vice president at the same time setting forth the terms of an agreement by which the defendant was willing to be bound. The court refused to receive the proof offered, and the defendant duly excepted.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Masten & Nichols, for appellant.

G. W. Hopkins, for respondent.

PER CURIAM. The defendant properly excepted to a ruling by which he was prevented from showing that at the time of the making of the alleged agreement a certain statement was made by Mr. Cade, one of the persons through whom the agreement was claimed to have been made, with respect to his reason for not signing a paper presented to him for signature. The statement was relevant, as tending to show one of the circumstances surrounding the making of the alleged contract, and bore upon the probability of the truth of the plaintiff's version. It might, if admitted, have had material weight with the jury, and so its exclusion was prejudicial error.

The judgment is reversed, and a new trial is ordered, with costs to the appellant to abide the event.